IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ARRAY TECHNOLOGIES, INC.,

    Plaintiff,

    v.

COLIN MITCHELL, an individual;
NEXTRACKER, a Delaware corporation;
MARCO GARCIA, an individual;
DANIEL S. SHUGAR, an individual;
SCOTT GRAYBEAL, an individual; and
FLEXTRONICS INTERNATIONAL U.S.A.,
INC., a California corporation.

    Defendants.

Civil Action No. 1:17-cv-00087-JCH-LF

## ORDER AWARDING PLAINTIFF ATTORNEY'S FEES

THIS MATTER comes before the Court on the Affidavit of Michael J. Howell in Support of the Court's Order Granting Attorney's Fees and Costs, filed November 30, 2018. Doc. 287. Defendants NEXTracker, Marco Garcia, Daniel S. Shugar, Scott Graybeal, and Flextronics International U.S.A., Inc., filed their response to the affidavit on December 14, 2018. Doc. 307. The Court, having read the affidavit and response, and being fully advised, finds that plaintiff Array Technologies, Inc.'s request for attorney's fees is well taken in part and will GRANT it in part and DENY it in part.

On October 25, 2018, plaintiff Array Technologies, Inc. ("ATI") moved to compel defendant's compliance with a prior order of this Court. Doc. 238. The court held an in-person hearing on that motion and another motion on November 20, 2018. Docs. 274, 279. At the hearing, the Court ordered ATI's counsel to submit an affidavit of his fees and expenses for

1

having to bring the motion relating to substantive emails and Mitchell emails.[1] Doc. 279 at 59. ATI timely filed its affidavit for costs and fees, and defendants timely filed their objections.

In the affidavit, plaintiff requests $44,528.00. in attorney's fees and $2,856.00 in costs in connection with its motion to compel. Doc. 287 at 2. Defendants do not oppose plaintiff's accounting of its fees and costs. Doc. 307 at 5. Nevertheless, the Court, in its discretion, finds that the fees and costs requested are excessive and will reduce them accordingly.

Federal Rule of Civil Procedure 37 mandates that if the Court grants a motion to compel, "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." FED. R. CIV. P. 37(a)(5)(A). In this case, there is no dispute that plaintiff is entitled to its reasonable expenses incurred in bringing its motion to compel. "To determine the reasonableness of a fee request, a court must begin by calculating the so-called 'lodestar amount' of a fee, and a claimant is entitled to the presumption that this lodestar amount reflects a 'reasonable' fee." *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998). "The lodestar calculation is the product of the number of attorney hours 'reasonably expended' and a 'reasonable hourly rate.'" *Id*. Counsel for the party claiming the fees has the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates. *Case*, 157 F.3d at 1249−50. The Court must examine the records to determine whether

---

[1] At the hearing, the Court addressed two motions to compel (Docs. 237 at 238) but awarded fees and costs only for the motion that addressed substantive emails and Mitchell emails. Doc. 279 at 59. Defendants object that the vagueness of the billing entries does not allow the Court to determine whether the attorney's fees requested by ATI are fees and expenses specifically for the motion to compel at issue. Doc. 307 at 3–4. Given that the Court instructed ATI to apply for attorney's fees and costs only for the motion regarding substantive emails and Mitchell emails (Doc. 238), the Court trusts that ATI's affidavit only includes attorney's fees and costs for that particular motion.

2

specific tasks are properly chargeable and if the hours expended on each chargeable task are reasonable. *Id*. at 1250. "The prevailing party must make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Jane L. v. Bangerter*, 61 F.3d 1505, 1510 (10th Cir. 1995) (internal quotation marks and citation omitted). Moreover, the hourly rates requested by counsel must reflect the prevailing market rates in the community. *Id*. Finally, certain factors may cause the court to adjust a fee upward or downward, "including the important factor of the 'results obtained.'" *Hensley*, 461 U.S. at 434.

The Court accepts, and defendants do not dispute that the rates plaintiff's counsel is charging reflect a reasonable prevailing market rate. The number of hours charged, however, is excessive and duplicative. First, ATI seeks fees for hours spent in the meet and confer process prior to filing its motion to compel. *See* doc. 287-1 at 2–4. The meet and confer process is mandated by the Federal Rules of Civil Procedure and this district's local rules. *See* FED. R. CIV. P. 37(a)(1) ("The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court intervention."); D.N.M.LR-Civ. 7.1(a) ("Movant must determine whether a motion is opposed, and a motion that omits recitation of a good-faith request for concurrence may be summarily denied."). Time spent attempting to resolve the discovery dispute without the Court's intervention is time ATI would have had to spend whether or not it eventually was required to file a motion to compel production. For that reason, the Court will reduce counsel's hours for the time spent in the meet and confer process.

ATI also requests reimbursement for time that the Court finds duplicative and, therefore, excessive. The Court notes that both Ms. Embree and Mr. Howell traveled to Albuquerque to attend the hearing on the motion to compel. Although Ms. Embree assisted in preparing the

motion, ATI does not explain why it was necessary for two attorneys to be present at the hearing itself. Mr. Howell was the only attorney who spoke at the hearing. *See* Docs. 274, 279. Accordingly, the Court will reduce the attorneys' fee and cost bill for Ms. Embree's time for attending the hearing, including her travel time and expenses. The Court will reduce the total attorney's fees by $7,425.00, which accounts for time spent in the meet and confer process and Ms. Embree's time for attending the hearing. The Court will further reduce ATI's request for costs by $801.85 for Ms. Embree's travel expenses, for a total reduction in the amount of $8,226.85.

IT IS THEREFORE ORDERED that ATI's request for attorney's fees and costs (Doc. 287) is GRANTED in part and DENIED in part. The Court awards ATI a total of $39,157.24 in attorneys' fees and costs. Defendants will tender the award to ATI no later than July 12, 2019.

IT IS SO ORDERED.

_____
Laura Fashing
United States Magistrate Judge