IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ARRAY TECHNOLOGIES, INC.,

    Plaintiff,

    v.

COLIN MITCHELL, an individual;
NEXTRACKER, a Delaware corporation;    1:17-cv-00087-JCH-LF
MARCO GARCIA, an individual;
DANIEL S. SHUGAR, an individual;
SCOTT GRAYBEAL, an individual; and
FLEXTRONICS INTERNATIONAL U.S.A.,
INC., a California corporation,

    Defendants.

## ORDER ON MOTION

THIS MATTER comes before the Court on defendants NEXTracker, Marco Garcia, Daniel S. Shugar, Scott Graybeal, and Flextronics International U.S.A., Inc.'s (collectively "defendants") Motion to Exclude Unauthorized Supplemental Expert Reports of Clarke B. Nelson and Robert E. Parkins, filed July 23, 2019. Docs. 429, 430 (sealed). Plaintiff filed its response on August 6, 2019. Doc. 439. Defendants filed their reply on August 20, 2019. Doc. 468. The Court held a telephonic hearing on the motion on November 21, 2019. Doc. 521. Having read the submissions of the parties and heard the argument of counsel, the Court finds that defendants' motion is not well taken and will DENY it.

In their motion, defendants contend that the rebuttal expert reports by Clarke B. Nelson and Robert E. Parkins were disclosed in violation of the Court's scheduling order. Doc. 430 at 3. Defendants further contend that the rebuttal reports submitted by Nelson and Parkins are not true "rebuttal reports," but instead are "supplemental reports" and should be excluded from evidence

along with any testimony regarding the same. Doc. 430 at 3, 27. In this opinion, I will not be determining whether the reports are true "rebuttal" reports, or whether they contain supplemental information outside the scope of a rebuttal report. Judge Herrera, who will preside over the trial in this case, will make all decisions relating to the exclusion of evidence, including whether to exclude the rebuttal reports, or expert testimony based on those reports, because they contain supplemental information beyond the scope of a true rebuttal report. But because the defendants argue that Nelson's and Parkins' rebuttal reports violate my scheduling order, I will rule on that issue alone.

I. **Background Facts**.

This Court issued its original scheduling order on July 5, 2017. Doc. 39. In that order plaintiff's and defendants' expert disclosures were both due on January 5, 2018, *id.* at 2, which was consistent with what the parties had requested in their joint status report and provisional discovery plan, *see* Doc. 37 at 9. The scheduling order deadlines were subsequently extended several times. *See* Docs. 54, 56, 82, 119, 120, 154, 304, 398. In the orders extending the deadlines prior to March 28, 2018, the parties agreed that the expert disclosure deadlines would remain the same for plaintiff and defendants. Docs. 54, 56, 82. These orders did not mention rebuttal reports, which, in the Court's view, meant that the time to disclose rebuttal expert testimony was governed entirely by operation of Rule 26(a)(2)(D) of the Federal Rules of Civil Procedure. But the motion to extend the deadlines that was filed on March 28, 2018, changed the nomenclature from the parties simultaneously disclosing expert reports to the parties requesting separate dates for "opening expert reports" and "rebuttal expert reports." Doc. 117. The parties stated that they had "agreed to extend and reset the deadlines in this matter, including trial, by approximately 3.5 months, as set forth in the table below."

| Event | Current Deadline | Parties Agreed Upon Proposal |
|---|---|---|
| Fact discovery deadline | May 4, 2018 | August 24, 2018 |
| Motions related to fact discovery | May 25, 2018 | September 14, 2018 |
| Plaintiff's Expert Disclosure | June 8, 2018 | September 21, 2018 (Opening Expert Reports) |
| Defendants' Expert Disclosure | June 8, 2018 | October 12, 2018 (Rebuttal Expert Reports) |
| Expert Discovery Deadline | July 9, 2018 | November 2, 2018 |
| Motions related to expert discovery | July 27, 2018 | November 16, 2018 |
| Pretrial motion (other than discovery) | August 10, 2018 | November 30, 2018 |
| Plaintiff Pretrial Order | September 21, 2018 | January 11, 2019 |
| Defendant Pretrial Order | September 28, 2018 | January 18, 2019 |
| Pretrial Conference | October 9, 2018 | January 29, 2019 or as soon thereafter as the Court is able |
| Call of Calendar | October 25, 2018 | February 14, 2019 or as soon thereafter as the Court is able |
| Trial | November 5, 2018 | February 25, 2019 or as soon thereafter as the Court is able |

Doc. 117 at 2.

The Court adopted this nomenclature in granting the parties' request for an extension. Doc. 119. The separate dates did not distinguish between "plaintiff" or "defendants," but instead referred to "opening expert reports" and "rebuttal expert reports." *Id*. At the hearing on November 21, 2019, the parties explained that the change in nomenclature was based on their understanding that each party would be providing an opening expert report for the claims or affirmative defenses on which they had the burden of proof at trial. Each party then would have the opportunity to provide a rebuttal report in response to the other side's opening expert reports.

In the operative scheduling order, the deadline for opening expert reports was May 10, 2019. Doc. 398. Plaintiff submitted opening expert reports from Nelson and Parkins. Defendants did not submit opening expert reports; instead, they submitted their expert reports (from Christopher A. Vellturo and Michael Joseph Stern) on June 7 and 8, 2019, respectively.

Doc. 439 at 3.  Within 30 days of receiving defendants' expert reports, plaintiff submitted rebuttal reports from Nelson and Parkins.  Defendants now argue that the rebuttal reports were not authorized by the scheduling order and are untimely.  I find that the rebuttal reports submitted by Nelson and Parkins were timely under Federal Rule of Civil Procedure 26.

**II.     Discussion**

Federal Rule of Civil Procedure 26 governs the time to disclose expert testimony and states:

> (D) *Time to Disclose Expert Testimony*. A party must make these disclosures at the times and in the sequence that the court orders.  Absent a stipulation or a court order, the disclosures must be made:
> (i) at least 90 days before the date set for trial or for the case to be ready for trial; or
> (ii) if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), within 30 days after the other party's disclosure.

FED. R. CIV. P. 26(a)(2)(D).  Under Rule 26, "[a]bsent a stipulation or a court order," a party has 30 days to disclose a report "intended solely to contradict or rebut evidence." *Id*.  "[I]n most cases the party with the burden of proof on an issue should disclose its expert testimony on that issue before other parties are required to make their disclosures with respect to that issue." FED. R. CIV. P. 26 (Advisory Committee notes to the 1993 amendments for subsection (a)(2)).

In this case, the operative scheduling order provided for opening expert reports to be disclosed on May 10, 2019, and rebuttal expert reports on June 7, 2019.  Doc. 398.  No other expert report deadlines were set in the scheduling order.  *Id*.  The parties' intent in setting these deadlines was for each party to provide an opening expert report for any claim or affirmative defense on which that party had the burden of proof at trial.  In other words, both parties expected to submit opening expert reports, but that did not happen.  Instead, the plaintiff served

4

its expert reports on May 10, 2019, and the defendants served their expert reports on June 7, 2019.

Defendants argue that plaintiff's rebuttal reports were not contemplated by the Court's scheduling order, in violation of Rule 26(a)(2)(D). Doc. 430 at 15. Defendants argue that the Court's scheduling order only reflects two rounds of expert reports: opening reports and rebuttal reports, and no other reports were permitted. Plaintiff contends that the Federal Rules of Civil Procedure provide for their rebuttal report. Doc. 439 at 4–10. Specifically, plaintiff argues that because the scheduling order does not provide direction on when to submit "reply" reports, the Rule allows 30 days after the submission of the opposing party's expert report to submit a reply/rebuttal. *Id.* I agree with plaintiff.

"Absent a stipulation or a court order, . . . if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C)," the party has 30 days to submit a rebuttal expert report. FED. R. CIV. P. 26(a)(2)(D)(ii). "If nothing in the scheduling order speaks to rebuttal, then 26(a)(2)(D)'s 30-day rule applies." *Rodgers v. Beechcraft Corp.*, 759 F. App'x 646, 664 (10th Cir. 2018) (unpublished). While the operative scheduling order in this case referred to "rebuttal reports," in practice, the parties treated expert disclosures as though the original language of the scheduling order applied: plaintiff submitted its expert reports first and, instead of submitting opening reports, defendants submitted responsive expert reports. Unfortunately, when the Court issued the March 30, 2018 scheduling order, it merely adopted the changed nomenclature submitted by the parties without carefully considering whether the change in nomenclature would cause confusion. But as shown in the table above at page 3, the parties treated "Plaintiff's Expert Disclosure" as the event that was equivalent to "Opening Expert Reports," and "Defendant's Expert Disclosure" was the event

equivalent to "Rebuttal Expert Reports." *See* Doc. 117 at 2. And because defendants' expert reports are not strictly limited to evidence that "is intended solely to contradict or rebut evidence on the same subject matter identified by [plaintiff]," but instead contain information and opinions outside of the scope of the plaintiff's opening expert reports, *see* Doc. 439 at 3, 7–13; *compare also* Docs. 439-2 (Nelson's opening expert report), 439-3 (Parkins' opening expert report), *with* 439-4 (Vellturo's rebuttal expert report), 439-5 (Stern's rebuttal report), Rule 26 provides plaintiff the opportunity to address those opinions in a rebuttal report.

To the extent Nelson's and Parkins' expert reports solely contradict or rebut evidence in defendants' expert reports, they are timely. Defendants submitted their expert reports on June 7 and 8, 2019. Doc. 430 at 6–7; Doc. 439 at 3.[1] Plaintiff submitted Nelson's rebuttal report on June 25, 2019—18 days after receiving Vellturo's expert report. Doc. 430 at 7; Doc. 439 at 11. Plaintiff submitted Parkins' rebuttal report on July 5, 2019—27 days after plaintiff received Stern's expert report. Doc. 439 at 8; Doc. 430 at 7. Plaintiff's rebuttal reports were made at least 90 days before trial[2] and within 30 days after the other party's disclosure. Accordingly, plaintiff's rebuttal reports were timely under Rule 26(a)(2)(D).

Even if plaintiff violated Rule 26 or the Court's scheduling order by disclosing Nelson and Parkins' rebuttal expert reports, the violation is substantially justified and is harmless to the extent that both reports solely contradict or rebut evidence in defendants' expert reports.[3] The Tenth Circuit has established four factors that guide the Court's discretion on whether a failure to

---

[1] Plaintiff states that its counsel did not receive Stern's report until June 8, 2019 although defendants sent it on June 7. Doc. 439 at 3, n.6.

[2] There is no trial date set in this case.

[3] To be clear, if Judge Herrera determines that the reports contain additional opinions that should have been included in plaintiff's original expert reports, she very well may decide to exclude those additional opinions.

6

disclose is substantially justified or harmless. Those four factors are: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999).

In this case, defendants have not been prejudiced by the disclosure of plaintiff's rebuttal expert reports. The plaintiff disclosed the rebuttal reports within the 30-day time limit permitted by the Rules and prior to the deposition of plaintiff's expert witnesses. While defendants argue that plaintiff's disclosures were made only a few days prior to the depositions, defendants had the opportunity to ask the experts questions based on the rebuttal reports or could have sought additional time in which to prepare for the depositions. In addition, although all the experts' initial reports were quite lengthy, Parkins' rebuttal report was only eight pages, and Nelson's was only ten. *See* Docs. 430-4, 430-7. Further, the rebuttal reports were produced more than a month before the pre-trial motions were due on August 23, 2019 (Doc. 398), and the disclosure will not disrupt the trial as there is no trial date set in this case. Finally, there is no indication that plaintiff was acting in bad faith by producing the rebuttal reports. The Court will not strike the plaintiff's rebuttal reports. *See Navajo Nation v. Urban Outfitters, Inc.*, No. 12cv0195 BB/LAM, 2016 WL 3475339, at *2–*3 (D.N.M. Feb. 2, 2016) (finding that Rule 26(a)(2)(D)(ii) governed the disclosure of rebuttal experts, and although the report in question was untimely, its untimely disclosure was harmless; court denied defendants' motion to strike the report).

For the reasons stated above, I find that the plaintiff's rebuttal reports are timely and that they do not violate the scheduling order. Alternatively, I find that the plaintiff's disclosure of the

7

rebuttal reports—to the extent that they solely contradict or rebut defendants' expert reports—is substantially justified and does not prejudice the defendants.

IT IS THEREFORE ORDERED that Defendants' Motion to Exclude Unauthorized Supplemental Expert Reports of Clarke B. Nelson and Robert E. Parkins (Docs. 429, 430) is DENIED.

I do not make any ruling regarding the admissibility of the information and opinions contained in the plaintiff's rebuttal reports. The issue of admissibility will be determined by Judge Herrera.

_____
Laura Fashing
United States Magistrate Judge