IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ARRAY TECHNOLOGIES, INC.,

        Plaintiff,

vs.                                         Civ. No.  17-087 JCH/LF

COLIN MITCHELL, and individual,
NEXTRACKER, a Delaware corporation,
MARCO GARCIA, an individual,
DANIEL SHUGAR, an individual,
SCOTT GRAYBEAL, an individual,
FLEXTRONICS INTERNATIONAL U.S.A., INC.,
a California corporation,

        Defendants.

### SEALED MEMORANDUM OPINION AND ORDER

On August 23, 2019, Defendants NEXTracker, Inc. ("NEXTracker"), Marco Garcia, Daniel Shugar, Scott Graybeal, Flextronics International U.S.A., Inc., ("Flex"), and Colin Mitchell ("Mitchell"), collectively "Defendants," filed a Motion for Summary Judgment (ECF No. 475). In a Memorandum Opinion and Order, this Court granted in part and denied in part Defendants' motion for summary judgment. (*See* Mem. Op. and Order 43, ECF No. 537). The Court, however, reserved ruling on an issue of damages based on disgorgement of Defendant Mitchell's salary and ordered additional briefing on the issue. (*Id.*) The parties timely filed their briefs, and the Court herein analyzes this unresolved issue. Having considered the motion, briefs, supplemental briefs, evidence, and the applicable law, the Court concludes that Defendants' motion for summary judgment on the issue of whether Plaintiff is entitled to disgorgement of Defendant Mitchell's salary is denied.

I. **FACTUAL BACKGROUND**

The Court hereby incorporates the facts as set forth in the Court's Memorandum Opinion and Order (ECF No. 537). As noted therein, Defendant Mitchell moved for summary judgment on the issue of damages on the breach of contract and breach of the covenant of good faith and fair dealing claims asserted against him. (Mem. Op. and Order 34, ECF No. 537.) Among other damages, including loss of sales and profits, Array's expert, Clarke B. Nelson, offered an opinion based on the assumption that compensation to Mitchell may be considered as a measure of his profits that may be disgorged. (*See* Nelson Report 92, ECF No. 475-8.)

In their motion for summary judgment, Defendants argued that Array did not offer any evidence to refute that Mitchell could have earned the same salary working at another company besides Flex, and thus that there is no evidence that "but for" Mitchell's alleged breach, he would not have earned his salary. (Defs.' Mot. for Summ. J. 20, ECF No. 475.) Array responded that Defendants failed to cite any evidence that Mitchell could have earned the same salary elsewhere. (Pl.'s Resp. 20 n.3, ECF No. 483.) Because neither party cited any law regarding disgorgement in support of their respective positions on the burden of proof on this issue, the Court requested additional briefs with cited authority before ruling on whether the jury may consider damages for the disgorgement of Mitchell's salary.

II. **STANDARD**

"A party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought." Fed. R. Civ. P. 56(a). On a motion for summary judgment, the moving party initially bears the burden of showing that no genuine issue of material fact exists. *Shapolia v. Los Alamos Nat'l Lab.*, 992 F.2d 1033, 1036 (10th Cir. 1993). Once the moving party meets its burden, the nonmoving party must show that genuine

issues remain for trial. *Id.* The nonmoving party must go beyond the pleadings and by its own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing there is a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). A court must construe all facts and reasonable inferences in the light most favorable to the nonmoving party. *Quaker State Minit-Lube, Inc. v. Fireman's Fund Ins. Co.*, 52 F.3d 1522, 1527 (10th Cir. 1995).

### III. ANALYSIS

"Disgorgement is an equitable remedy whereby a wrongdoer is forced to give up the benefits obtained as a result of his wrongdoing." *Peters Corp. v. New Mexico Banquest Investors Corp.*, 2008-NMSC-039, ¶ 32, 144 N.M. 434. "The remedy may not be used punitively, and thus a causal connection must exist between the breach and the benefit sought to be disgorged." *Id.* A plaintiff must show that but for the wrongdoing, the benefit would not have accrued. *See id.* ¶ 34 (explaining that district court did not err in refusing remedy of disgorgement of profits where plaintiff did not demonstrate that but for third-party defendant's failure to notify them of the prospective sale of the shares, the stock redemption transaction would not have proceeded in the same manner). A trial court has discretion in the use of its equitable powers whether to order as a remedy that the defendant disgorge profits, and the amount. *Id.* A trial court may consider the effect of the breach in determining whether disgorgement is proper. *Id.* ¶ 39.

According to the Restatement of the Law – Restitution: "If a deliberate breach of contract results in profit to the defaulting promisor and the available damage remedy affords inadequate protection to the promisee's contractual entitlement, the promisee has a claim to restitution of the profit realized by the promisor as a result of the breach." Restatement (Third) of Restitution and Unjust Enrichment § 39(1). Such restitution "is an alternative to a remedy in damages." *Id.*

To prove entitlement to disgorgement of profit, a plaintiff must show that a defendant made a profit from the wrongdoing. *See Cartel Asset Management v. Ocwen Financial Corp.*, 249 F. App'x 63, 79 (10th Cir. Sept. 18, 2007) (unpublished). After the plaintiff makes its showing, the burden shifts to the defendant to establish the need to offset costs or to show that the portion of its profit is attributable to factors other than the wrongdoing. *See id.* Array asserts it has presented sufficient evidence to support disgorgement of Mitchell's salary based on evidence that Mitchell received a salary and was hired because NEXTracker wanted to use his knowledge and work to win projects for which it was competing with Array. According to Array, after it met its burden of showing a relationship between Mitchell's misconduct and his salary as profit, it was Defendants' burden to set forth allowable deductions not associated with or attributable to his misconduct.

The Court agrees. In the nondisclosure context, damages may be measured by the employee's unjust gain derived from unlawful use. *See Interra International, LLC v. Al Khafaji*, NO. 1:16-CV-1523-MHC, 2019 WL 13040092, at *16 (N.D. Ga. March 21, 2019) (noting that, under Georgia law, in nondisclosure context, when an employee wrongfully profits from use of information wrongfully obtained from his employer, damages also may be measured by employee's unjust gain derived from the unlawful use) (quoting *Acuity Brands, Inc. v. Bickley*, No. 13-366-DLB-REW, 2017 WL 1426800, at *20 (E.D. Ky. Mar. 31, 2017)). Plaintiff produced evidence from which a jury could find that Defendant Mitchell received a profit in the form of his salary from Flex to do work for NEXTracker. Plaintiff submitted evidence that NEXTracker hired Mitchell because NEXTracker hoped to use his information to win projects from Array. There is additional evidence that, while conducting work for NEXTracker, Mitchell used information subject to the non-disclosure agreement with Array to help NEXTracker win projects over Array. This evidence satisfies Plaintiff's summary judgment burden to show that Mitchell's salary is

causally connected to the breach. The burden thus switched to Defendant Mitchell to refute that he could have earned the same salary working at another company. While there may be some evidence Mitchell had other potential employment options, there was no evidence submitted in the summary judgment briefs as to potential salaries. Defendants nonetheless contend that, because this is an equitable issue, this Court may decide factual disputes on summary judgment. The Court, however, will wait for a more fully developed record at trial before resolving these equitable factual issues.

Although Defendants' argument in their motion for summary judgment was limited to Array's failure to show "but for" causation, they raised two additional issues in their supplemental brief: (1) disgorgement is an equitable remedy and inappropriate here when there is an adequate remedy at law, and (2) equitable principles favor summary judgment because Defendant Mitchell did not profit from the alleged misconduct because he took home a smaller income while working at Flex than he had at Array. (*See* Defs.' Supp. Br. 1, ECF No. 538.) The Court will not consider these new issues raised for the first time in supplemental briefing when Plaintiff did not have an opportunity to respond and when Defendants could have raised them in their original motion for summary judgment.

**IT IS THEREFORE ORDERED** that Defendants' request for partial summary judgment in their favor on the issue of whether Plaintiff is entitled to disgorgement of Defendant Mitchell's salary, set forth in Defendants' Motion for Summary Judgment (**ECF No. 475**), is **DENIED**.

_____
SENIOR UNITED STATES DISTRICT JUDGE