IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ARRAY TECHNOLOGIES, INC.,

        Plaintiff,

vs.                                                                 Civ. No. 17-087 JCH/LF

COLIN MITCHELL, and individual,
NEXTRACKER, a Delaware corporation,
MARCO GARCIA, an individual,
DANIEL SHUGAR, an individual,
SCOTT GRAYBEAL, an individual,
FLEXTRONICS INTERANTIONAL U.S.A., INC.,
a California corporation,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Plaintiff's *Motion for Leave to File Response to Defendants' Unauthorized and Untimely Bifurcation Motion* (ECF No. 639). On July 11, 2022, Defendants filed, purportedly as a trial brief, a *Memorandum of Law Re ATI's Unjust Enrichment Claim* (ECF No. 627). Although not styled as a motion, Defendants set out arguments and authority for why Plaintiff's unjust enrichment claims should be tried to the Court and not to the jury. Plaintiff is seeking unjust enrichment as both a stand-alone claim and as a statutory damages request arising from the claims for violation of the federal and state trade secrets acts. Defendants further urge the Court to bifurcate the unjust enrichment theories in order to avoid potential risk of jury confusion and prejudice.

Array asks to file a response to what it views as an untimely motion to bifurcate, and it attached its proposed response to its motion. (*See* Pl.'s Mot. 1, ECF No. 639). The Court finds good cause to grant Array's request to file the response to the request to bifurcate.

Regarding the underlying issue of bifurcation, the Court has considered both the arguments Defendants raise in their trial brief and the arguments Plaintiff raised in its response and will deny the request to bifurcate. Both parties agreed to a jury trial in the Pretrial Order, despite the option for "Both" a bench and jury trial being available. (PTO 38, ECF No. 44). Federal Rule of Civil Procedure 39(c) provides that a court "may, with the parties' consent, try any issue by a jury whose verdict has the same effect as if a jury trial had been a matter of right…." Fed. R. Civ. P. 39(c)(2). The Court finds the parties consented to a jury trial upon agreement to a jury trial only in the Pretrial Order.

Moreover, Plaintiff requests damages that by statute allow for unjust enrichment. *See* 18 U.S.C. § 1836(b)(3)(B) (explaining that in "civil action brought under this subsection with respect to the misappropriation of a trade secret, a court may … award-- (i)(I) damages for actual loss caused by the misappropriation of the trade secret; and (II) damages for any unjust enrichment caused by the misappropriation of the trade secret that is not addressed in computing damages for actual loss") (emphasis added); N.M. Stat. Ann. § 57-3A-4(A) ("Damages can include both the actual loss caused by misappropriation and the unjust enrichment caused by misappropriation that is not taken into account in computing actual loss."). Many courts construing the statutory language have concluded that because the statute defines damages to include unjust enrichment, unjust enrichment is a decision for the jury, not an equitable claim. *See, e.g.*, *Medidata Solutions, Inc. v. Veeva Sys., Inc.*, 17 Civ. 589 (LGS), 2022 WL 585726, at *1-2 (S.D.N.Y. Feb. 25, 2022) (citing cases affirming jury awards under DTSA and state law statutes); *Newark Group, Inc. v.*

*Sauter*, No. C2:01-CV-1247, 2004 WL 5782100, at *1-2 (S.D. Ohio Apr. 6, 2004) (concluding that misappropriation of trade secret statutory damages, measured by unjust enrichment, is a legal claim for monetary damages heard by a jury).

Array also has a claim for unjust enrichment separate from the damages remedy for misappropriation of trade secrets. Even if that separate claim would generally be decided by the Court (had the parties not consented to a jury trial), Array intends to present the same evidence and calculation for both remedies. The Court thus finds no need to bifurcate to avoid any prejudice or confusion.

Finally, Rule 39(c)(1) permits the court to try any issue with an advisory jury. Consequently, even if the unjust enrichment claim and damages remedy should be determined by the Court, the Court may seek the jury's view of the amount of any unjust enrichment award on the verdict form. The Court can then determine afterwards whether that verdict is merely advisory. *Cf. Medidata*, 2022 WL 585726 at *2 ("In any event, because the issue is apparently one of first impression in this Circuit, and in an abundance of caution, the Court will seek the jury's view of the amount of any unjust enrichment award on the verdict sheet with the option of determining later whether that verdict is merely advisory."). For all the foregoing reasons, the Court will deny Defendants' request to bifurcate proceedings and to exclude evidence of unjust enrichment damages at trial.

**IT IS THEREFORE ORDERED** that Plaintiff's *Motion for Leave to File Response to Defendants' Unauthorized and Untimely Bifurcation Motion* (**ECF No. 639**) is **GRANTED** and Defendants' **request for bifurcation** in their *Memorandum of Law Re ATI's Unjust Enrichment Claim* (**ECF No. 627**) is **DENIED**.

_____
SENIOR UNITED STATES DISTRICT JUDGE