**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

ARRAY TECHNOLOGIES, INC.,

Plaintiff,

vs. No. 1:17-cv-00087-DHU-LF

COLIN MITCHELL, *an individual*,
NEXTracker, *a Delaware corporation*,
MARCO GARCIA, *an individual*,
DANIEL S SHUGAR, *an individual*,
SCOTT GRAYBEAL, *an individual*,
FLEXTRONICS INTERNATIONAL USA, INC.
*a California corporation*,

Defendants.

## ORDER CONSOLIDATING CASES

This matter is before the Court *sua sponte*. The Court, upon its own motion, determines that consolidation of this case with the case of *Array Technologies, Inc. et al v. AIG Europe Limited et al.*, No. 1:24-mc-00018-KG is appropriate.

## I. BACKGROUND

Briefly stated, this case involves two competitors in the solar tracking equipment industry, Plaintiff Array Technologies, Inc. ("Array") and Defendant NEXTracker ("NEXTracker"), a wholly-owned subsidiary of Flextronics International USA, Inc. ("Flextronics" or "Flex"). Am. Compl. ¶¶ 16, 33, Doc. 52. This dispute arose when Array's former employee, Defendant Colin Mitchell ("Mitchell"), left Array's employment and allegedly began working for NEXTracker and Flex. *Id.* at ¶¶ 27, 41–46. According to Array, Mitchell

unlawfully disclosed Array's trade secret and confidential information to NEXTracker, resulting in Array's loss of solar tracker projects to NEXTracker. *Id.* at ¶¶ 74–99, 155–57.

In March 2017, while this lawsuit was in its early stages, "the parties negotiated and reached agreement on specific provisions that would govern the treatment of confidential and trade secret information produced in the action." Doc. 662 (Judge Fashing's Order describing the relevant procedural history of this case). Pursuant to the parties' agreement, the Court entered a Stipulated Protective Order and Confidentiality Agreement ("Protective Order") on March 29, 2017. Doc. 24. In 2018, the Protective Order "was [twice] amended after additional negotiation and stipulation of the parties." Doc. 662 (citing Docs. 123, 236).

"In July of 2022, after more than five years of litigation, the parties were able to reach a negotiated resolution." *Id*. (citing Docs. 644, 646). On September 30, 2022, the Court granted the parties' joint motion to dismiss but retained jurisdiction "solely to, if necessary, adjudicate an alleged breach, the validity, the enforceability, or the application, or to interpret any disputed provisions, of the parties' [settlement] Agreement." Doc. 656, 2.

More than a year later, Flextronics moved to modify the operative Second Amended Stipulated Protective Order and Confidentiality Agreement (Doc. 236) that was entered in this case on October 25, 2018. Doc. 657. On March 17, 2023, Flextronics initiated arbitration proceedings against certain of its insurers seeking coverage for the settlement and defense costs incurred in this case. *Id.* at 5.

In its motion to modify, Flextronics contended that many of the issues in the arbitration were intertwined with the facts of this case, including, but not limited to: (i) Array's actions; (ii) the Defendants' alleged liability to Array; and (iii) Array's alleged damages. *Id.* Flextronics noted that its "insurers have propounded discovery in the arbitration seeking documents from

this case" but because "[a] substantial portion of the relevant documents … are designated under the Protective Order's various confidentiality tiers," Flextronics would not be able to produce the documents without Array's consent or an amendment to the Protective Order. *Id.* at 2. On January 11, 2024, United States Magistrate Judge Laura Fashing denied Flextronics' motion because, among other things, "[t]he modification proposed by Flextronics would allow it to disclose *all* Array's confidential documents and information in the private arbitration, an arbitration to which Array is not a party" and amending the Protective Order would be prejudicial to Array. Doc. 662 at 4–10.

On February 1, 2024, Array and its chief legal officer Tyson Hottinger moved the Court, in a separately filed action, for a protective order and to quash summonses recently served on them in connection with the arbitration proceedings between Flextronics and its insurers, AIG Europe Limited ("AIG"), Chubb European Group SE ("Chubb"), and Allianz Global Corporate & Specialty SE ("Allianz"). *See Array Technologies, Inc. et al v. AIG Europe Limited et al.*, No. 1:24-mc-00018-KG. Around this same period, Chubb and Allianz moved to intervene in the underlying lawsuit for the purpose of amending the operative Protective Order and staying Judge Fashing's January 11, 2024 Order. Doc. 663.[1]

As explained below, the Court will *sua sponte* consolidate No. 1:24-mc-00018-KG with the instant case given the factual and legal overlap between the two cases.

## II. LEGAL STANDARD

Pursuant to Federal Rules of Civil Procedure Rule 42(a) "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid

[1] The Court has not yet ruled on the two insurance companies' motion to intervene.

unnecessary cost or delay." Fed. R. Civ. P. 42(a). "In deciding whether to consolidate, the court should initially consider whether the cases to be consolidated involve a common question of law or fact." *Payne v. Tri-State Careflight, LLC*, 327 F.R.D. 433, 449–50 (D.N.M. 2018). Once the district court determines there is a common question of law or fact, "the court should weigh the interests of judicial convenience in consolidating the cases against the delay, confusion, and prejudice that consolidation might cause." *Id*. at 449. "District courts enjoy substantial discretion in deciding whether and to what extent to consolidate cases." *Hall v. Hall*, 584 U.S. 59, 77, 138 S. Ct. 1118, 1131, 200 L. Ed. 2d 399 (2018). "Because consolidation is within the broad discretion of the district court, ... trial courts may consolidate cases sua sponte." *In re Adams Apple, Inc*., 829 F.2d 1484, 1487 (9th Cir. 1987) (citations omitted); *see also Devlin v. Transportation Commc'ns Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999) ("A district court can consolidate related cases under Federal Rule of Civil Procedure 42(a) *sua sponte*."); *Miller v. United States Postal Serv*., 729 F.2d 1033, 1036 (5th Cir. 1984) ("A motion to consolidate is not required; the court may invoke Rule 42(a) sua sponte.").

## III. DISCUSSION

Both this case and No. 1:24-mc-00018-KG share common questions of fact and law. Array's and Mr. Hottinger's motion to quash makes apparent the overlapping issues. As they explain, "Magistrate Judge Fashing has familiarity with the issues presented by the Motion, having recently issued an Order *denying* Flex's motion to amend the governing protective order in the underlying case that would allow Flex to disclose to the Insurers the documents they now seek from Array and Hottinger."[2] Doc. 1, 2 (emphasis in original). Array and Mr. Hottinger characterize the summonses as "an attempt to make an end-run around that Order." *Id*. "Further,"

[2] The Court refers to Array's and Mr. Hottinger's pleading filed in No. 1:24-mc-00018-KG.

they say, "by having sued (and ultimately favorably settled claims against) Flex and others for their misappropriation and misuse of Array's confidential information and trade secrets, now Flex's insurers want the very information that Array fought so hard to protect against disclosure." *Id*. Array and Mr. Hottinger therefore claim they "need a protective order that precludes any parties or Insurers from further attempting to seek documents and information protected against disclosure by the Protective Order." *Id*. at 2–3. Because these are the same or similar factual and legal issues raised previously before Judge Fashing, the Court concludes that common questions of fact and law exist.

Because common questions of law and fact exist, the Court next weighs the interest of judicial convenience in consolidating the cases against the delay, confusion, and prejudice that consolidation might cause. *See Payne*, 327 F.R.D. at 449. The Court finds that consolidation will not cause prejudice, inconvenience, or undue delay. To the contrary, consolidation will avoid duplicative litigation, prevent inconsistent rulings, and conserve judicial resources, as it would be wasteful of the Court's resources for two judges to review the same or similar issues. The Court therefore finds that consolidation is appropriate.

## IV. CONCLUSION

For the reasons stated herein, it is therefore **ORDERED** that:

1. The case of *Array Technologies, Inc. et al. v. AIG Europe Limited et al*., No. 1:24-mc-00018-KG, is hereby consolidated with this case, and the caption of this case shall be amended to reflect such consolidation;

2. The Clerk of the Court is directed to reassign the case of *Array Technologies, Inc. et al v. AIG Europe Limited et al*., No. 1:24-mc-00018-KG, to the undersigned judge;

3. No further pleadings shall be filed in *Array Technologies, Inc. et al. v. AIG Europe Limited et al.*, No. 1:24-mc-00018-KG; all future filings must be made in this case.

4. The Clerk of Court is directed to administratively close *Array Technologies, Inc. et al. v. AIG Europe Limited et al.*, No. 1:24-mc-00018-KG after reassigning it to the undersigned judge.

**IT IS SO ORDERED**.

HON. DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE